**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jeffrey P. Knutson

                Plaintiff,                Civ. No. 10-3983 (JNE/JJK)

   v.

HSBC Bank USA, N.A., as Trustee on
behalf of ACE Securities Corp. Home      **REPORT AND RECOMMENDATION**
Equity Loan Trust and for the
registered holders of ACE Securities
Corp. Home Equity Loan Trust, Series
2006-ASAP4, Asset Backed Pass-
through Certificates,

                Defendant.

---

Jeffrey P. Knutson, *pro se*.

Caitlin R. Dowling, Esq., and Eric D. Cook, Esq., Wilford & Geske, PA. for Defendant.

---

This matter is before the Court on the unopposed motion of Defendant HSBC Bank USA, N.A. as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP4, Asset Backed Pass-through Certificates ("Defendant") to dismiss with prejudice Plaintiff Jeffrey P. Knutson's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. No. 2.)  The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and

D. Minn. Loc. R. 72.1 and 72.2.  For the reasons that follow, this Court recommends that Plaintiff's Complaint be dismissed with prejudice.

In this case, Plaintiff failed to respond to Defendant's motion to dismiss and did not appear at the January 19, 2011 motion hearing.  On January 20, 2011, this Court issued an Order directing Plaintiff to show cause why his Complaint against Defendant should not be dismissed on the merits, with prejudice, and without costs to any party to the lawsuit.  This Court's Order stated that Plaintiff's response must be in writing and must be filed and served on or before February 1, 2011.  To date, no response has been filed.

Based on this Court's express warning regarding the consequences of Plaintiff's failure to respond to this Court's Order, it is now recommended that Plaintiff be deemed to have abandoned his action, and that the action be dismissed with prejudice.  *See* Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); *Henderson v. Renaissance Grand Hotel*, 267 Fed. Appx. 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Givens v. A.H. Robins Co.,* 751 F.2d 261, 263 (8th Cir. 1984) (finding that dismissal with prejudice under Rule 41 is appropriate where there is a willful disobedience of a court order or continued or persistent failure to prosecute a complaint); *Grant v. Astrue,* 2010 WL 3023915 at *1 (D. Minn. July 13, 2010) (same).

Further, this Court concludes that Plaintiff's failure to respond to Defendant's motion to dismiss should be treated as a default, and that Defendant's motion to dismiss Plaintiff's complaint should be granted. This Court also notes that prior to the January 19, 2011 motion to dismiss hearing, Plaintiff contacted this Court's chambers by telephone indicating that he wished to withdraw his case against Defendant. For all these reasons, this Court recommends that Plaintiff's Complaint be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (Doc. No 2), be **GRANTED**; and

2. This case be Dismissed With Prejudice.


Date: February 9, 2011                     *s/ Jeffrey J. Keyes*
                                           JEFFREY J. KEYES
                                           United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 23, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This

Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.